**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Clyde Frank MARTINEZ,
Defendant–Appellant.**

**No. 88–3240.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 1989.

Decided May 25, 1990.

---

Before BROWNING, WALLACE and FLETCHER, Circuit Judges.

JAMES R. BROWNING, Circuit Judge:

Defendant-appellant Clyde Martinez appeals from his sentence following his conviction for unarmed bank robbery.

## I.

Martinez pled guilty to an indictment for unarmed bank robbery in violation of 18 U.S.C. § 2113(a). A probation office''s presentence report submitted pursuant to the Sentencing Guidelines determined Martinez's total offense level to be 17. The report then calculated Martinez's criminal history, adding one point for each of four prior convictions, including a conviction for public indecency. The report added two more points because Martinez was on probation from the indecency conviction when he committed the robbery, for a total criminal history score of six, placing defendant in criminal history category III. A total offense score of 17, coupled with a category III history, resulted in a sentencing range of 30–37 months. *See* United States Sentencing Commission, *Guidelines Manual* (U.S.S.G.) ch. 5, Part A, Table (Oct. 1987).

The district court granted Martinez's request for a downward departure due to mitigating circumstances, reducing his incarceration from 30 to 27 months, but denied Martinez's objections to the report in other respects. Martinez appealed.

The district court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291.

Stephen R. Sady, and Paul S. Petterson, Assistant Federal Public Defenders, Portland, Oregon, for the defendant-appellant.

Michael W. Mosman, Assistant United States Attorney, Portland, Oregon, for the plaintiff-appellee.

## II.

Martinez argues the district court erred in including his prior conviction for public indecency as part of his criminal history.

The inclusion or exclusion of prior offenses from a defendant's criminal history is governed by U.S.S.G. § 4A1.2(c). All felony sentences are to be included. Sentences for misdemeanors and petty of-

fenses are also to be included subject to two provisions.

The first provision, found in subsection (1), is that prior sentences for certain listed offenses are to be included only if the sentences imposed exceed a specified limit, or if the prior offense was similar to that for which the sentence under appeal was being imposed. This provision offers no relief to Martinez because his sentence for public indecency was not less than that specified in subsection (1), and public indecency is not similar to bank robbery.

Martinez argues the second provision does apply. This provision, found in subsection (2) of U.S.S.G. § 4A1.2(c), provides that sentences for certain listed prior offenses—hitchhiking, juvenile status offenses and truancy, loitering, minor traffic infractions, public intoxication, and vagrancy—"and offenses similar to them, by whatever name they are known, are never counted." Public indecency is not among the listed offenses. The question is whether it is "similar to them."

■ The parties assume we are to look to the law of the particular jurisdiction which convicted defendant of a prior offense to determine whether, under local law, the offense is treated as analogous to any of the offenses excluded by U.S.S.G. § 4A1.2(c)(2). We reject this approach as inconsistent with the primary purpose of the Sentencing Reform Act of 1984 to "pro-vide certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records." 28 U.S.C. § 991(b)(1)(B); *see Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 651, 102 L.Ed.2d 714 (1989).

It is apparent the offenses listed in U.S.S.G. § 4A1.2(c)(2) are excluded from the defendant's criminal history because they are of such minor significance to the goals of sentencing, *see* 18 U.S.C. § 3553(a)(2), that inclusion would more likely distort than improve the process established by the guidelines for determining an appropriate sentence. The listed offenses offer no basis for predicting future significant criminal activity by the defendant;[1] the conduct they involve is not uniformly criminalized, and when it is, the penalty is usually light.[2] Consideration of convictions for such conduct in determining sentences would be inimical to the realization of the goal of uniformity in sentencing since the sentence calculation under the guidelines would vary with the jurisdiction in which a person who engaged in such conduct resided.

■ The offense punishable under Oregon law as public indecency[3] is an offense of a different order. It falls within the category of offenses prohibited by MPC

---

**1.** It is significant that Parole Commission regulations for determining parole eligibility, 28 C.F.R. § 2.20, at 104 (Salient Factor Scoring Manual, Item A.2(c)) (1988), exclude from consideration essentially the same offenses as those listed in U.S.S.G. § 4A1.2(c)(2).

**2.** The Model Penal Code (MPC) (1980) ranks public drunkenness, MPC § 250.5, and loitering, MPC § 250.6, as mere "violations" (a "non-criminal" class of offense, by contrast with "open lewdness," a petty misdemeanor, discussed *infra* at note 5 and accompanying text). *See also* MPC § 1.04 (distinguishing crimes from violations).

"[A] number of states have chosen to eliminate vagrancy and loitering from their penal codes altogether." Comment 4 to MPC § 250.6, at 393. Many of the traditional vagrancy and loitering statutes have been found unconstitutional. *See, e.g., Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *see also* Comment 5 to MPC § 250.6 (discussing constitutional challenges to vagrancy and loitering statutes).

Oregon provides an example of this broader pattern. In Oregon, public intoxication and vagrancy are not offenses, ORS § 430.325, and hitchhiking is classified as a minor traffic violation, ORS § 814.080.

**3.** Martinez was sentenced for violating Oregon Revised Statute (ORS) § 163.465 which reads:

163.465 Public Indecency.

(1) A person commits the crime of public indecency if while in, or in view of, a public place the person performs:

(a) An act of sexual intercourse; or

(b) An act of deviate sexual intercourse; or

(c) An act of exposing the genitals of the person with the intent of arousing the sexual desire of the person or another person.

(2) Public indecency is a Class A misdemeanor.

§ 251.1 as "Open Lewdness."[4] As Comment 2 to MPC § 251.1 points out, this category of penal provisions "reaches the open flouting of community standards regarding sexual and related matters." *Id.* at 449. There is a consensus that such conduct is culpable. Every American jurisdiction treats it as criminal; most provide a range of penalties above that for the lowest level of offense. *See* Comment 3 to MPC § 251.1, at 453 ("The majority of revised statutes . . . impose maximum terms of six months to one year."). Society has a substantial interest in punishing such conduct as a breach of public order, and in discouraging its repetition. Because public indecency is universally regarded as culpable, conviction of such an offense is relevant to the likelihood the offender will engage in criminal conduct in the future and is significant for sentencing purposes. We conclude public indecency is not "similar" to the offenses listed in subsection (2).

Since the Oregon misdemeanor of public indecency does not fall within either of the exceptions in U.S.S.G. § 4A1.2(c), the district court properly refused to exclude the conviction from Martinez's criminal history score.

### III.

Martinez contends it was error to add two points to his criminal history score under U.S.S.G. § 4A1.1(d)[5] because he committed the robbery while on "bench" probation imposed as part of his sentence for public indecency.

Martinez's first argument rests on a premise we have rejected—that public indecency is excluded from Martinez's criminal history by U.S.S.G. § 4A1.2(c)(2).

His second argument is that U.S.S.G. § 4A1.1(d) does not apply to "bench" probation at all. Martinez points out that all of the sentences listed in subsection (d), except escape, involve active supervision, which is not characteristic of bench probation. He argues that the Commentary to U.S.S.G. § 4A1.1(d) indicates points are to be added only when the offense for which the defendant is being sentenced was committed while defendant was "under criminal justice control,"[6] which does not describe a defendant on "bench" probation.

We have recently disapproved this precise argument. *United States v. McCrudden*, 894 F.2d 338 (9th Cir.1990). The district court properly added two points to Martinez's criminal history score because he was on bench probation for his public indecency conviction at the time he committed the robbery.

### IV.

Martinez contends the district court erred by refusing to grant a greater downward departure from the guideline range because (1) his criminal history overrepresented the seriousness of his past offenses and his future dangerousness, and (2) mitigating circumstances justified a greater reduction in sentence than the three-month departure granted by the district court.

Martinez does not assert the sentence imposed was in violation of law, involved an incorrect application of the guidelines, exceeded the guideline range, or was imposed for an offense for which there is no sentencing guideline and was "plainly unreasonable"—grounds upon which a defendant is expressly authorized to appeal. *See* 18 U.S.C. § 3742(a). Absent such challenges we have no basis to review the district court's downward departure.

**AFFIRMED.**

---

**4.** Section 251.1 of the Code reads:
251.1 Open Lewdness
A person commits a petty misdemeanor if he does any lewd act which he knows is likely to be observed by others who would be affronted or alarmed.

**5.** U.S.S.G. § 4A1.1(d) provides:
Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

**6.** In order to "conform the commentary to the guideline," the Commission recently amended U.S.S.G. § 4A1.1, Comment. (backg'd.) by replacing the phrase "under criminal justice control" with "under a criminal justice sentence." U.S.S.G. App. C, amendment 261 (Nov.1989).

WALLACE, Circuit Judge, concurring:

I concur in the result reached by the majority opinion and in the reasoning of parts I, III, and IV of the opinion. I am troubled, however, by the analysis in part II. I write separately because I believe the majority's approach to determining whether Martinez's conviction for public indecency is "similar to" the offenses excluded by subsection 4A1.2(c)(2) misinterprets the Sentencing Guidelines (Guidelines).

Subsection 4A1.2(c)(2) provides: "Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted: Hitchhiking[,] Juvenile status offenses and truancy[,] Loitering[,] Minor traffic infractions[,] Public intoxication[,] Vagrancy." United States Sentencing Commission, *Guidelines Manual,* § 4A1.2(c)(2) (Nov. 1989) (U.S.S.G.). The majority concludes that this section articulates a general principle that offenses that are not "universally regarded as culpable" and "relevant to the likelihood the offender will engage in criminal conduct in the future" are not "significant for sentencing purposes." Maj. op. at 254. While this interpretation of subsection 4A1.2(c)(2)'s rather ambiguous language is not implausible, I believe it is mistaken. I suggest our inquiry should instead focus on whether the activity underlying an offender's prior offense is similar to the activity underlying the offenses enumerated in subsection 4A1.2(c)(2).

Read in context, the Guidelines support my interpretation. Subsection 4A1.2(c)(2) does not, as the majority seems to suggest, provide the general rule regarding the inclusion of minor offenses. To the contrary, the general rule is contained in section 4A1.2(c) which provides that *"[s]entences for misdemeanor and petty offenses are counted,* except as [provided in subsections (c)(1) and (c)(2) ]." U.S.S.G. § 4A1.2(c) (emphasis added). Thus, as a starting point, all misdemeanor and petty offenses are counted in computing a defendant's criminal history category. Subsections (c)(1) and (c)(2) constitute limited exceptions to this sweeping rule.

The structure of subsection (c)(2) is straightforward: it lists specific offenses that the Commission concluded did not warrant a sentence adjustment and provides that sentences for the listed offenses "and offenses similar to them, by whatever name they are known, are never counted." *Id.* at § 4A1.2(c)(2). Where the majority and I differ is in our view of what the Commission's purpose was in listing the specific offenses. As the majority sees it, the Commission enumerated the specific offenses merely to state a general principle that offenses which are not uniformly culpable or predictive of future criminal behavior are not counted. As I see it, however, the listed offenses serve a different purpose: they dictate that the sentencing court, in each case, will decide whether the defendant's prior offense is an offense identical or similar to each listed offense. Consequently, our inquiry should be whether the acts proscribed by the Oregon public indecency statute are "similar to" the acts generally proscribed by the listed offenses. This interpretation gives continuing purpose to the listed offenses and is mindful of section 4A1.2(c)'s background injunction to count all misdemeanors and petty offenses.

The irony of the majority's reasoning is that while its decision here relies on an analysis of the listed offenses for its holding, in the future such reliance will no longer be necessary because the general principle that only prior offenses which are uniformly culpable or predictive of future criminal behavior are counted has been inserted in place of the list. In addition to being ironic, the majority's approach is flawed. By effectively writing the list out of the Guidelines, the majority departs from the basic canon of statutory interpretation that a court should not interpret a statute to render meaningless certain parts of that statute. *See, e.g., Alaska Fish & Wildlife Federation v. Dunkle,* 829 F.2d 933, 943 (9th Cir.1987), *cert. denied,* 485 U.S. 988, 108 S.Ct. 1290, 99 L.Ed.2d 501 (1988). Indeed, if the Commission had intended subsection (c)(2) to state a general principle, it could have done so explicitly. It would not have needed to include any reference to specific offenses.

I am also concerned about the effect the majority's decision may have on the interpretation of subsection (c)(1).[1] The majority's abstraction from the specific offenses listed in subsection (c)(2) suggests that they would conclude that a similar general principle also animates the list contained at subsection (c)(1). But what general principle would the majority draw? Since the listed offenses at (c)(1), unlike the offenses at (c)(2) which are never counted, *can* be counted if certain conditions are satisfied, *see id.* at § 4A1.2(c)(1), the Sentencing Commission clearly thought the offenses listed at subsections (c)(1) and (c)(2) were different. Thus, I suppose that under the majority's reasoning, section (c)(1)'s listed offenses must represent a different, somewhat higher, level of culpability. But what level? My point, of course, is not to divine the answer to this inquiry; rather it is simply to show that the difficulties inherent in substituting a general principle for the specific enumerated offenses listed in subsection (c)(2) will only be more imposing when an attempt is made to articulate a general principle to replace subsection (c)(1)'s listed offenses.

As I explained above, I believe that subsection (c)(2)'s listed offenses serve a purpose beyond merely articulating a general principle. They are present because the Commission intended courts to compare whether the defendant's prior offense is identical or similar to those listed offenses. Admittedly, the task of articulating a federal law description of the offenses listed in subsection (c)(2) is not particularly appealing. But I believe that is what the statute requires.

On the surface, this approach may appear more cumbersome than that proposed by the majority, but to so conclude would be wrong. Under the majority's approach, a district court will need to engage in the onerous task of researching whether a defendant's prior misdemeanors or petty offenses are uniformly regarded as culpable throughout the United States and the uncertain task of analyzing whether those prior offenses are predictive of future criminal activity. By contrast, under my approach, once a federal description of the listed offenses is developed, a district court will only need to engage in the less onerous task of comparing this description with the acts proscribed under the statute of conviction for the prior offense.

In this case, the question whether Martinez's prior offense of public indecency is similar to the offenses listed under subsection (c)(2) is fraught with little, if any, ambiguity. The Oregon public indecency statute provides:

(1) A person commits the crime of public indecency if while in, or in view of, a public place the person performs: (a) An act of sexual intercourse; or (b) An act of deviate sexual intercourse; or (c) An act of exposing the genitals of the person with the intent of arousing the sexual desire of the person or another person.

Or.Rev.Stat. 163.425 (1989). As the statute's language makes clear, in order to be convicted of public indecency in Oregon, the offender must engage in some type of sexual conduct. By contrast, sexual conduct is not a necessary element of any of the six offenses listed at subsection (c)(2)—hitchhiking, juvenile status offenses and truancy, loitering, minor traffic infractions, public intoxication and vagrancy. Indeed, of the six, the only offense that has any overlap with the offense of public indecen-

---

1. Subsection 4A1.2(c)(1) provides:
   Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
   Contempt of court
   Disorderly conduct or disturbing the peace
   Driving without a license or with a revoked or suspended license
   False information to a police officer
   Fish and game violations
   Gambling
   Hindering or failure to obey a police officer
   Leaving the scene of an accident
   Local ordinance violations
   Non-support
   Prostitution
   Resisting arrest
   Trespassing.

cy is the offense of public intoxication, which generally proscribes appearing in a public place under the influence of alcohol to the point where the inebriant may endanger himself or other persons or property, or interfere with or obstruct other persons in his vicinity. *See* Model Penal Code § 250.5 at 374–76 (1985) (discussing behavior generally proscribed by public intoxication statutes); *see also* Cal. Penal Code § 647(f) (West 1988) (proscribing public intoxication). However, although both offenses address behavior that is inappropriate in a public place, that is where their similarity ends. The public performance of a sexual act is simply not akin to the annoying or tragi-comic behavior of an intoxicated individual who has lost control of his faculties. Therefore, like the majority, I would conclude that none of the offenses listed in subsection (c)(2) are similar to Martinez's prior public indecency offense. I, however, respectfully disagree with the course of reasoning the majority follows to reach this result.