947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dale Raymond COOPER, Defendant-Appellant.
 No. 90-30084.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1991.
Oct. 31, 1991.
 
 1
 Before WALLACE, Chief Judge, O'SCANNLAIN, Circuit Judge, and BURNS,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Dale Raymond Cooper pleaded guilty to three counts of armed bank robbery (18 U.S.C. § 2113(a), (d)) and four counts of unarmed bank robbery (18 U.S.C. § 2113(a)), for which he received a sentence of 120 months' imprisonment.[1] Cooper now appeals from that sentence, arguing that the district court erred by including two prior convictions for criminal trespass in its calculation of his criminal history score, by departing upward from the Guideline sentence range based on Cooper's excessive and unnecessary violence during the commission of one of the bank robberies and his underrepresented criminal history, and by imposing an unreasonable sentence. We vacate and remand for resentencing.
 
 
 4
 * A defendant's prior conviction on a charge of criminal trespass must be included in the calculation of his criminal history score if the prior conviction resulted in a sentence of at least one year's probation or thirty days' incarceration, or if it was similar to his later offense. United States Sentencing Commission, Guidelines Manual § 4A1.2(c)(1) (Nov. 1989) ("U.S.S.G."). Neither of Cooper's two prior criminal trespass convictions resulted in probation or imprisonment. Because the district court found them to be similar to the bank robberies, however, the court increased Cooper's criminal history score.[2]
 
 
 5
 Cooper argues that these two prior convictions should not have been included in the determination of his criminal history score because they are both statutorily and factually dissimilar to his later bank robberies. Citing Taylor v. United States, 495 U.S. ----, 110 S.Ct. 2143 (1990) and United States v. Martinez, 905 F.2d 251 (9th Cir.1990), Cooper asserts that the Model Penal Code ("MPC"), and not Washington law, governs with respect to the proper definition of criminal trespass; that MPC § 221.2, which defines criminal trespass, bears no similarity to the definition of bank robbery as set out at 18 U.S.C. § 2113; and that the criminal trespass and bank robbery offenses are factually distinguishable in any event.
 
 
 6
 Whatever the merits to Cooper's first two arguments,[3] we cannot agree with the district court's ruling that Cooper's prior criminal trespass convictions are similar to his later bank robbery convictions and show a developing pattern of criminal conduct that warrants their inclusion in Cooper's criminal history scale. Cooper's misdemeanor convictions for siphoning gasoline and being involved in a domestic dispute are not similar, factually or otherwise, to bank robberies, and the concept of a developing pattern of criminality as a justification for sentence enhancement finds no support in the Guidelines. Accordingly, we find that the district court erred by enhancing Cooper's criminal history category and offense level under U.S.S.G. § 4A1.2(c)(1)(B).
 
 II
 
 7
 The district court's decision to impose a sentence of 120 months was based on its conclusion that Cooper's criminal history score significantly underrepresented the seriousness of his criminal record, and that the bank robbery of February 20, 1988, involved an excessive degree of violence that traumatized its victims. See U.S.S.G. § 5K2.3. Cooper argues that the sentencing court's upward departure was not reasonable because, inter alia, his criminal record consists largely of juvenile offenses remote in time and substance from his later bank robberies and, with respect to the court's finding of excessive violence, a certain degree of fear and violence are inherent in any bank robbery and no "excessive" violence was present in the February 20 robbery that would merit enhancement under section 5K2.3.
 
 
 8
 Contrary to Cooper's assertion, the district court adequately explained the reasons for its departure and properly analogized, at least in part, Cooper's criminal history score to his "true score". See United States v. Ward, 914 F.2d 1340, 1347-48 (9th Cir.1990). We further agree with the district court that Cooper's criminal history score failed to reflect the seriousness of his criminal record. Among other offenses, Cooper's juvenile criminal history reveals convictions for multiple burglaries and auto theft, ignoring for the nonce another auto theft for which he was tried and convicted as an adult. These offenses were remote neither in time nor in substance from his later bank robberies, and were properly considered by the court at sentencing. Cf. United States v. Notrangelo, 909 F.2d 363, 366-67 (9th Cir.1990); United States v. Richison, 901 F.2d 778, 780-81 (9th Cir.1990).
 
 
 9
 With that said, however, we note that the government conceded at oral argument that the facts of this case do not warrant a sentence enhancement under section 5K2.3, a point with which we are in agreement. This fact, coupled with our ruling in Part I, supra, requires us to vacate the sentence and remand for resentencing.
 
 
 10
 Accordingly, the sentence is VACATED and this case is REMANDED for resentencing consistent with the above.
 
 
 
 *
 The Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Cooper was originally sentenced in 1988 to 30 years' imprisonment for these crimes. As a result of the Supreme Court's decision in Mistretta v. United States, 488 U.S. 361 (1989), which upheld the constitutionality of the Sentencing Guidelines, Cooper filed a motion to correct his sentence pursuant to 28 U.S.C. § 2255. The district court granted the motion and, following evidentiary and resentencing hearings, sentenced Cooper to 120 months' imprisonment under the Guidelines
 
 
 [2]
 Cooper's Guideline sentence range originally had been calculated at between 70 and 87 months, based on a criminal history category of III and an offense level of 25. By virtue of the district court's finding on the question of similarity, Cooper's criminal history category was adjusted upward, resulting in a revised Guideline sentence range of between 84 and 105 months
 
 
 [3]
 Although this court has not yet addressed the question whether similarity for purposes of U.S.S.G. § 4A1.2(c)(1) must be determined on a strictly categorical or factual basis, compare Martinez, 905 F.2d at 253-54 (implicitly applying categorical approach under section 4A1.2(c)(2)) with United States v. Cota-Guerrero, 907 F.2d 87, 89 (9th Cir.1990) (implicitly applying factual approach under section 4A1.2(e)), it is clear that Washington law is not controlling on the definition of criminal trespass. See Martinez, 905 F.2d at 253-54 (rejecting local law offense definition and looking to MPC for purpose of determining issue of similarity under U.S.S.G. § 4A1.2(c)(2)). Moreover, there are obvious differences between MPC § 221.2 and 18 U.S.C. § 2113