42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Purcell TOSTON, Defendant-Appellant.
 No. 93-30465.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1994.
Decided Nov. 15, 1994.
 
 Before: WOOD,* HUG, and TANG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Purcell D. Toston appeals his sentences for conspiracy to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(A), 846, and possession of cocaine base with the intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(A). Toston argues that the district court erred: (1) in concluding that it lacked discretion to make a downward departure from the Sentencing Guidelines based on the differences among various state juvenile justice systems; (2) in failing to depart downward because Toston's juvenile convictions significantly over-represent the seriousness of his criminal history; and (3) in failing to depart downward because the above two factors collectively constitute one separate and distinct ground for departure. Toston also argues that the district court's consideration of Toston's juvenile convictions in determining his criminal history category violates his right to equal protection under the law. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 Toston concedes that his adult convictions, by themselves, yield at least eight points. Eight points places Toston into Criminal History Category IV. See United States Sentencing Commission, Guidelines Manual (U.S.S.G.) ch. 5, Pt. A, Table (Nov. 1993). Ten points places Toston into Criminal History Category V, which is the category under which the district court sentenced Toston. Thus, the criminal history points stemming from Toston's juvenile convictions are relevant to Toston's sentence.
 
 
 4
 In order for Toston to stay out of Criminal History Category V, he must demonstrate that his juvenile convictions amount to less than two points. Otherwise, two points plus eight points yields ten points, which is sufficient to place Toston into Criminal History Category V. Toston's juvenile convictions include: first degree theft, second degree robbery, taking motor vehicle without owner's permission (TMVWOP), and two counts of simple assault.
 
 
 5
 Toston argues that his juvenile convictions amount to less than two points because under U.S.S.G. Sec. 4A1.2(c)(2), "juvenile status offenses" are never awarded any points.[1] Under Sec. 4A1.2(d), however, a "juvenile sentence" imposed within five years of the defendant's commission of the instant offense is awarded one to two points, depending on the length of the juvenile sentence.[2]
 
 
 6
 It is this apparent disparity between Sec. 4A1.2(c)(2) and Sec. 4A1.2(d) that furnishes the touchstone of Toston's arguments on appeal. Thus, Toston asserts that if he had been convicted in a state that classified his juvenile offenses as "juvenile status offenses," then Sec. 4A1.2(c)(2) would apply and he would have zero criminal history points stemming from his juvenile record.
 
 
 7
 Toston's argument is foreclosed by United States v. Martinez, 905 F.2d 251 (9th Cir.1990) and United States v. Kemp, 938 F.2d 1020 (9th Cir.1991). Toston's entire line of reasoning is anchored upon a faulty premise--namely, that a state determines what constitutes a "juvenile status offense" under Sec. 4A1.2(c)(2).
 
 
 8
 In United States v. Martinez, this circuit stated:
 
 
 9
 The parties assume we are to look to the law of the particular jurisdiction which convicted defendant of a prior offense to determine whether, under local law, the offense is treated as analogous to any of the offenses excluded by U.S.S.G. Sec. 4A1.2(c)(2). We reject this approach as inconsistent with the primary purpose of the Sentencing Reform Act of 1984 to "promote certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records."
 
 
 10
 Martinez, 905 F.2d at 253 (citations omitted); accord United States v. Kemp, 938 F.2d 1020, 1023-24 (9th Cir.1991) (stating that the court "must examine federal law to determine whether the substance of the underlying state conviction is similar to an included or excluded offense" under Sec. 4A1.2(c)(2)). Thus, the existence of differences among various state juvenile justice systems is of little moment because it is federal law and not state law that defines what constitutes a "juvenile status offense."
 
 
 11
 In determining what offenses constitute "juvenile status offenses" or are otherwise excluded under Sec. 4A1.2(c)(2), the Martinez court focused upon four factors--whether the conduct is "uniformly criminalized," whether "the penalty is unusually light" or severe, whether the offense "offer[s] no basis for predicting future significant criminal activity by the defendant," and whether society has a "substantial interest in punishing [this] conduct and ... in discouraging its repetition." Martinez, 905 F.2d at 253-54; accord Kemp, 938 F.2d at 1023. The Martinez court went on to hold that public indecency--a misdemeanor--was not excluded under Sec. 4A1.2(c)(2).
 
 
 12
 Here, many of Toston's juvenile offenses are uniformly criminalized, are punished more severely than public indecency, offer a basis for predicting future significant criminal activity, and are the type of offenses that society has a substantial interest in punishing and discouraging. Toston's juvenile convictions include, inter alia, first degree theft, second degree robbery, and TMVWOP.[3] Second degree robbery involves the use of force and is a felony, not a misdemeanor. Moreover, theft, robbery, and TMVWOP are uniformly criminalized, the penalties are not light, and the offenses offer a basis for predicting future significant criminal activity.[4] In addition, society has a substantial interest in punishing theft, robbery, and joyriding, and in discouraging their repetition. Thus, first degree theft, second degree robbery, and TMVWOP cannot constitute juvenile status offenses.
 
 
 13
 In sum, using the correct federal "yardstick," we find there is no state in the union under which Toston's juvenile convictions could have resulted in less than two criminal history points. Toston's attempt to transmogrify first degree theft, second degree robbery, and TMVWOP into "juvenile status offenses" is foreclosed by Martinez and Kemp. Without being able to claim the juvenile status offense exclusion, Toston's first degree theft conviction, second degree robbery conviction, and TMVWOP conviction were properly accorded two criminal history points.[5] Adding these two points to Toston's eight points for his adult convictions results in at least ten points, which places Toston into Criminal History Category V.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Senior Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 4A1.2(c) states:
 Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:
 (2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:
 Hitchhiking
 Juvenile status offenses and truancy
 Loitering
 Minor traffic infractions (e.g., speeding)
 Public intoxication
 Vagrancy (emphasis added).
 
 
 [2]
 Section 4A1.2(d) states:
 Offenses Committed Prior to Age Eighteen
 (1) If the defendant was convicted as an adult ...
 (2) In any other case,
 (A) add 2 points under Sec. 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within 5 years of his commencement of the instant offense;
 (B) add 1 point under Sec. 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).
 
 
 [3]
 Toston's two other juvenile convictions were for simple assault. We do not consider the effect of the simple assault convictions because, as demonstrated below, Toston's first degree theft, second degree robbery, and TMVWOP convictions are sufficient to place Toston into Criminal History Category V
 
 
 [4]
 We reject, for the same reason, Toston's contention that his juvenile convictions significantly over-represent the seriousness of his criminal history. The grant of two criminal history points for first degree theft, second degree robbery (a felony), and TMVWOP does not significantly over-represent the seriousness of Toston's criminal history
 
 
 [5]
 These three juvenile convictions were accorded two points rather than four points because the district court consolidated the three juvenile convictions