**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos MARTINEZ, Defendant–Appellant.**

**No. 94–50602.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 1995.

Decided Nov. 6, 1995.

Carlton F. Gunn, Deputy Federal Public Defender, Los Angeles, California, for defendant-appellant.

Bruce Riordan, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

Before: T.G. NELSON and KLEINFELD, Circuit Judges, and LEGGE,* District Judge.

## OPINION

T.G. NELSON, Circuit Judge:

### OVERVIEW

Carlos Martinez pled guilty to conspiracy to possess with intent to distribute cocaine base. At the sentencing hearing, the district court found Martinez's criminal history category to be II, based on his prior conviction for vandalism and his commission of the instant offense while on probation. The district court sentenced Martinez to 120 months in custody, which it found to be the mandatory minimum sentence under the United States Sentencing Guidelines.

Martinez appeals the sentence imposed by the district court, claiming that vandalism is a petty offense which should not have been counted in the computation of his criminal history category. We disagree, and affirm the district court.

### FACTS

On August 27, 1993, defendant Carlos Martinez, and his brother Julian Martinez, sold a confidential FBI informant approximately three ounces of "crack" cocaine. The crack sold to the informant was cocaine base with a purity level of 64% and a net weight of 84.7 grams.

On September 21, 1993, Martinez was arrested and subsequently charged with conspiracy to possess with intent to distribute cocaine base, possession with intent to distribute cocaine base, and distribution of co-

---

* Honorable Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation.

caine base. On June 8, 1994, Martinez pled guilty to the conspiracy charge.

Prior to sentencing, the Probation Officer prepared a presentence report (PSR). In computing the recommended criminal history category, the PSR allocated one point for a 1992 conviction of vandalism, and two points for being on probation for the vandalism conviction at the time of the instant offense. The PSR concluded that the court should find Martinez's criminal history score to be 3 and his criminal history category to be II.

At the sentencing hearing, the district court found that the vandalism conviction and the commission of the instant offense while on probation were properly counted under the Sentencing Guidelines, and that Martinez had a criminal history category of II. The district court then sentenced Martinez to 120 months in custody, which it found to be the mandatory minimum sentence, and five years of supervised release.

## STANDARD OF REVIEW

The district court's interpretation of the Sentencing Guidelines, including the determination of whether a defendant's prior conviction falls within the scope of the Sentencing Guidelines, is reviewed *de novo*. *United States v. Buenrostro–Torres*, 24 F.3d 1173, 1174 (9th Cir.1994).

## DISCUSSION

United States Sentencing Guideline section 4A1.1 provides guidelines for determining the defendant's criminal history category. Subsection (c) provides that one criminal history point is to be added "for each prior sentence not counted in (a) [prior sentence of imprisonment exceeding one year and one month] or (b) [prior sentence of imprisonment of at least sixty days not counted in (a)]...." Subsection (d) provides that two criminal history points are to be added "if the defendant committed the instant offense while under any criminal justice sentence, including probation...." A score of two to three criminal

history points results in a criminal history category of II. U.S.S.G. Ch. 5, Pt. A.

Under Sentencing Guideline section 4A1.2(c)(2), sentences for certain misdemeanor and petty offenses are never included in the computation of the criminal history category.

> Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:
> Hitchhiking
> Juvenile status offenses and truancy
> Loitering
> Minor traffic infractions (*e.g.*, speeding)
> Public intoxication
> Vagrancy.

U.S.S.G. § 4A1.2(c)(2).

At issue in the present case is Martinez's conviction of vandalism in 1992 under California Penal Code section 594(a).[1] At that time, section 594(a) provided:

> Every person who maliciously (1) defaces with paint or any other liquid, (2) damages or (3) destroys any real or personal property not his own, in cases otherwise than those specified by state law, is guilty of vandalism.

Vandalism is not among the prior excluded offenses listed in section 4A1.2(c)(2). Thus, the determination of whether the vandalism conviction should be included in the computation of Martinez's criminal history depends on whether vandalism is "similar" to the listed excluded offenses.

The inquiry into whether vandalism is "similar" to a section 4A1.2(c)(2) listed offense must focus on whether the activity underlying vandalism is similar to the activities underlying the listed offenses. *See United States v. Martinez (Clyde)*, 905 F.2d 251, 255–56 (9th Cir.1990) (Wallace, J., concurring). Using this approach, it is clear that Martinez's prior conviction of vandalism is not similar to any of the listed offenses.

First, vandalism is not a victimless crime such as hitchhiking, loitering or vagrancy. Vandalism involves damage or destruction to

---

1. The sentence imposed on Martinez for the vandalism conviction was ten days imprisonment, ten days of graffiti removal, and three years of probation. The probation is due to expire on December 13, 1995.

the property of another which can be remedied only at a direct cost to the property owner.

Second, vandalism involves planning, execution and a malicious intent on the part of the offender. The malice requirement of California Penal Code section 594 establishes a general "readiness to do evil." *People v. Campbell*, 23 Cal.App.4th 1488, 28 Cal. Rptr.2d 716, 721 (1994). In contrast, the listed excluded offenses do not require planning, execution, nor a "readiness to do evil."

Third, vandalism is not similar to the listed excluded offense of loitering. Under the Model Penal Code, a person commits a violation of the loitering and prowling provision "if he loiters or prowls in a place, at a time, or in a manner not usual for law-abiding individuals under circumstances that warrant alarm for the safety of persons or property in the vicinity." MPC § 250.6 (1984). In contrast, vandalism involves the malicious defacement, damage or destruction of property. The fact that vandalism may sometimes be committed by juveniles "hanging out" in public places does not make it "similar" to loitering.

Finally, vandalism is not similar to the juvenile status offenses listed in section 4A1.2(c)(2). California Penal Code section 594 applies to adults as well as juveniles. The fact that graffiti vandalism may sometimes be committed by juvenile offenders is irrelevant.

In *Martinez (Clyde)*, 905 F.2d at 253–54, this court relied on a three factor test to find that a prior conviction for public indecency was not "similar" to any section 4A1.2(c)(2) listed excluded offense. The three factors considered were (1) whether society has an interest in punishing the conduct involved and discouraging its repetition; (2) whether the conduct involved in the prior offense is uniformly criminalized, and if so, whether the penalty is light; and (3) whether the prior

offense offers a basis for predicting future significant criminal activity by the defendant. *Id.* See also *United States v. Martinez (Victor)*, 956 F.2d 891, 893 (9th Cir.1992) (applying the same three factor test to find that a prior conviction for being under the influence of a controlled substance was not "similar" to any of the listed excluded offenses).

Although the three factor test of *Martinez (Clyde)* was effective on the particular facts of that case, its applicability to the present case is questionable. The prior offense at issue in *Martinez (Clyde)* did not involve malicious intent.[2] In contrast, in the present case we are dealing with a prior offense which, by definition, involves the *malicious* defacement, destruction, or damage to the property of another. Application of the three factor test to the facts of the present case would lead to the same result, but it would do so without looking at the real question before this court—the similarity of the prior offense of vandalism to the listed excluded offenses.

## CONCLUSION

Vandalism is not similar to any of the section 4A1.2(c)(2) listed excluded offenses. Therefore, we hold that the district court did not err when it included Martinez's prior conviction for vandalism in its computation of his criminal history category under the Sentencing Guidelines.

AFFIRMED.

---

2. In *Martinez (Clyde)*, 905 F.2d at 254, the statute defining the prior offense was ORS § 163.465 which states:

(1) A person commits the crime of public indecency if while in, or in view of, a public place the person performs:

(a) An act of sexual intercourse; or

(b) An act of deviate sexual intercourse; or
(c) An act of exposing the genitals of the person with the intent of arousing the sexual desire of the person or another person.

(2) Public indecency is a Class A misdemeanor.