95 F.3d 1160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roberto Charles YSASSI, Jr., Defendant-Appellant.
 No. 95-10273.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 13, 1996.*
Decided Aug. 21, 1996.
 
 Before: BOOCHEVER, NOONAN and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Roberto Charles Ysassi, Jr. was charged in a two-count indictment with bank robbery, 18 U.S.C. § 2113(a), and armed bank robbery, 18 U.S.C. § 2113(a) & (d), for two Las Vegas bank robberies. A jury convicted Ysassi on both counts. On June 22, 1995, the district court entered judgment and sentenced Ysassi to two concurrent terms of 130 months imprisonment, three years of supervised release, restitution, and a fine of $1,000.
 
 
 3
 Ysassi appeals his convictions and sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 A. Constitutional Challenge
 
 4
 By order filed January 12, 1996, we allowed Ysassi to file a pro se opening brief as a supplement to the brief filed by his counsel. In his pro se brief, Ysassi challenges the constitutionality of 18 U.S.C. § 2113 based on his belief that Congress has no power to enact criminal laws governing conduct occurring within the states. This belief is unfounded.
 
 
 5
 The Constitution explicitly grants Congress the power to enact criminal laws in uniquely federal territories. It also implicitly empowers Congress to enact legislation criminalizing certain types of conduct occurring within the territorial boundaries of a state. As we have previously stated, the Necessary and Proper Clause is sufficient authority for the enactment of 18 U.S.C. § 2113 which criminalizes the robbery of federally insured banks. LeMasters v. United States, 378 F.2d 262, 264 (9th Cir.1967), overruled on other grounds, 462 U.S. 356 (1983); see also Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law, § 2.8 (1986).
 
 B. Right to Counsel
 
 6
 Ysassi argues his Sixth Amendment right to counsel was violated when the magistrate judge denied his motion for appointment of counsel. We review such a claim de novo. United States v. Unimex, Inc., 991 F.2d 546, 549 (9th Cir.1993).
 
 
 7
 After two attorneys had been appointed for Ysassi and relieved of serving, and after a motion by Ysassi to represent himself was granted, the district court conducted a hearing to address an appeal of a denied motion for bail and a request for appointment of counsel. Attorney Kirk Kennedy, whom Ysassi was seeking to retain privately, was present at the hearing. Without objection, Mr. Kennedy was appointed counsel for Ysassi. The relevant dates were continued to allow Mr. Kennedy sufficient time to prepare and file pretrial motions, and to prepare for trial. The trial began more than three months later on February 6, 1995.
 
 
 8
 Given these facts, there is no basis for a claim that Ysassi was deprived of his right to counsel in violation of the Sixth Amendment.
 
 C. Sufficiency of the Evidence
 
 9
 There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); United States v. Savage, 67 F.3d 1435, 1440 (9th Cir.1995), cert. denied, 116 S.Ct. 964 (1996). Ysassi argues there was insufficient evidence of intimidation to support the bank robbery conviction on count one because the robber had no weapon, presented no note, and did not make any explicit verbal threats. Under 18 U.S.C. § 2113(a) the government must show that "the taking of money was by intimidation." United States v. Nash, 946 F.2d 679, 681 (9th Cir.1991).
 
 
 10
 The Bank of America teller testified that the robber approached her, handed her a white plastic bag, demanded money and said, "No funny money." There was no evidence of an explicit threat, but an explicit threat is not required for a conviction under section 2113(a). We have previously held that "the threat implicit in a written or verbal demand for money is sufficient evidence to support the jury's finding of intimidation." Id.; see also United States v. Hopkins, 703 F.2d 1102, 1103 (9th Cir.), cert. denied, 464 U.S. 963 (1983). We therefore find the evidence of intimidation sufficient to support Ysassi's conviction on count one.
 
 D. Jury Instruction
 
 11
 Ysassi argues the district court committed plain error by failing to give sua sponte a jury instruction on bank larceny as a lesser included offense of bank robbery. In this circuit, bank larceny is not a lesser included offense of bank robbery, and the failure to give a jury instruction to that effect is not error. United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992).
 
 
 12
 E. Sentencing Enhancement for Obstruction of Justice
 
 
 13
 Ysassi argues the district court failed to make adequate factual findings to support his sentence enhancement for obstruction of justice under U.S.S.G. § 3C1.1 based on Ysassi's false testimony at trial. A district court's determination that a defendant obstructed justice is a factual finding reviewed for clear error. United States v. Ancheta, 38 F.3d 1114, 1117 (9th Cir.1994); United States v. Barbosa, 906 F.2d 1366, 1369 (9th Cir.), cert. denied, 498 U.S. 961 (1990).
 
 
 14
 The United States Sentencing Commission, Guidelines Manual, § 3C1.1 provides:
 
 
 15
 If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.
 
 
 16
 The commentary to section 3C1.1 includes the commission of perjury as an obstruction of justice. If a district court finds that a defendant has obstructed justice, the two-level enhancement in section 3C1.1 is mandatory, not discretionary. Ancheta, 38 F.3d at 1118.
 
 
 17
 In United States v. Dunnigan, 507 U.S. 87 (1993), the Supreme Court stated: "if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to, or obstruction of, justice, or an attempt to do the same, under the perjury definition we have set out." Id. at 95. One who gives false testimony concerning a material matter with the willful intent to do so, rather than as a result of confusion, mistake or faulty memory, commits perjury. Id.
 
 
 18
 Although the Supreme Court in Dunnigan stated that "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding," we have held that a generalized finding is sufficient. United States v. Arias-Villanueva, 998 F.2d 1491, 1512 (9th Cir.), cert. denied, 114 S.Ct. 359 (1993).
 
 
 19
 In the present case, Ysassi objected to the enhancement for obstruction of justice on the basis that it was unfair to punish him for presenting his theory of the case. Ysassi did not challenge the falsity of his testimony, its materiality, or his intent to give false testimony. Nevertheless, the district court made the factual finding, in accord with what the jury must logically have concluded: that Ysassi's testimony at trial was false. After making that finding, the court concluded "that the adjustment for obstruction of justice at paragraphs 33 and 40 are appropriate." Such a finding, as we held in Arias-Villanueva, indicates that Ysassi's testimony was (1) false; (2) material; and (3) willfully false. See Arias-Villanueva, 998 F.2d at 1512. Based on the district court's generalized finding, and the support for that finding in the record, we conclude the sentence enhancement pursuant to section 3C1.1 was proper.
 
 
 20
 F. Sentence Enhancement for Reckless Endangerment During Flight
 
 
 21
 Ysassi argues the district court erred by adjusting his base offense level upward by two levels pursuant to U.S.S.G. § 3C1.2 for reckless endangerment during flight.[1] We review this factual finding for clear error. United States v. Young, 33 F.3d 31, 32 (9th Cir.1994).
 
 
 22
 Evidence at trial demonstrated that during his flight from the police, Ysassi drove over the speed limit through midday traffic, ran red lights, drove over medians, and exited on a freeway entrance. The district court found the record clearly supported an enhancement for reckless endangerment during flight. We agree.
 
 G. Criminal History
 
 23
 Ysassi contends the district court erred by including his prior misdemeanor conviction for driving under the influence (DUI) in his criminal history calculation for the purposes of sentencing. We review de novo the district court's determination that a prior conviction falls within the scope of the sentencing guidelines. United States v. Martinez, 69 F.3d 999, 1000 (9th Cir.1995), cert. denied, 116 S.Ct. 1446 (1996).
 
 
 24
 Ysassi argues that because his DUI conviction is similar to careless driving, it ought to be considered a careless driving offense, and thus not counted as a prior conviction under section 4A1.2 of the Guidelines Manual. We disagree. The commentary to U.S.S.G. § 4A1.2 explicitly states:
 
 
 25
 Sentences for Driving While Intoxicated or Under the Influence. Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are counted. Such offenses are not minor traffic infractions within the meaning of § 4A1.2(c).
 
 
 26
 The district court did not err, therefore, when it included Ysassi's prior DUI conviction in the calculation of his criminal history.
 
 
 27
 Ysassi's convictions and sentence are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 3C1.2 of the Guidelines Manual provides:
 If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels.