**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ezequiel Martinez SANDOVAL,
Defendant–Appellant.**

No. 97–10422.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 10, 1998.

Decided Aug. 21, 1998.

Nicholas P. Humy, Assistant Federal Public Defender, San Jose, California, for defendant-appellant.

Jeffrey D. Nedrow, Assistant United States Attorney, San Jose, California, for plaintiff-appellee.

Before: BRUNETTI, TASHIMA, and GRABER, Circuit Judges.

BRUNETTI, Circuit Judge:

Ezequiel Martinez Sandoval appeals the imposition of a 121–month sentence of imprisonment following his guilty plea to one count of conspiring to possess with the intent to distribute heroin, in violation of 21 U.S.C. § 846. Sandoval contends that the district court erroneously increased his criminal history score based upon his prior conviction for petty theft, an infraction pursuant to California Penal Code § 490.1(a).[1] We disagree, and affirm the district court.

## I.

■ We review *de novo* a district court's determination that a prior conviction can be counted for criminal history purposes under the Sentencing Guidelines. *United States v. Buenrostro–Torres*, 24 F.3d 1173, 1174 (9th Cir.1994).

When describing how to compute criminal history, U.S.S.G. § 4A1.2(c) provides that "[s]entences for misdemeanor and petty offenses are counted" unless they fall within the narrow exceptions articulated in § 4A1.2(c)(1) and (2). Under § 4A1.2(c)(2),

Sentences for the following prior offenses *and offenses similar to them*, by whatever name they are known, are never counted:
Hitchhiking
Juvenile status offenses and truancy
Loitering
Minor traffic infractions (e.g., speeding)
Public intoxication
Vagrancy.

U.S.S.G. § 4A1.2(c)(2) (emphasis added).

## II.

Sandoval argues that the district court erroneously believed that it had no discretion to disregard his prior petty theft conviction under U.S.S.G. § 4A1.2(c)(2). We disagree.

The district court's determination that Sandoval's petty theft was not an excludable

offense under § 4A1.2(c)(2) was a legal determination, rather than a discretionary one. Guidelines § 4A1.2(c)(2) states that the listed offenses, and offenses similar to them, "are never counted" for purposes of calculating criminal history score. This language leaves no room for discretion on the part of the district court.

At Sandoval's sentencing hearing, the district court stated as follows with respect to the conviction for petty theft:

[B]ased upon the argument I've heard and my own reading and familiarity with the Guidelines, [ ] this does count for purposes of criminal history, and if I am to ignore it, I have to do it under some basis for departure.

Later in the hearing, just prior to imposing sentence, the court reiterated its conclusion:

I've been looking again at the Guidelines after hearing today's argument, and I'm still persuaded that the clear language used in the Guidelines does not embrace the kind of offense you were convicted of.

So then I start to look to see whether or not there's a basis for me to find that this is not something that was taken into consideration by the Guidelines and I can use it as a basis for departure, but I haven't found a basis for doing that as well.

■ Based on the foregoing, it is apparent that the district court made the determination, as a matter of law, that Sandoval's prior petty theft was not excludable under the plain language of Guidelines § 4A1.2(c)(2). After so deciding, the district court then exercised its discretion not to depart under any other guideline based on the nature of the prior conviction.[2] We find that the district court's approach was entirely proper under § 4A1.2(c)(2).

We now turn to whether the district court's legal determination with respect to the prior conviction for petty theft was correct.

---

1. Petty theft, where the value of the property taken is under $50.00, may be charged as either a misdemeanor or an infraction at the discretion of the prosecutor. *See* Cal.Penal Code § 490.1(a).

2. As we have noted many times, this court lacks jurisdiction to review a district court's discretionary refusal to depart downward when sentencing a defendant under the Guidelines. *See, e.g., United States v. Berger,* 103 F.3d 67, 69 (9th Cir. 1996).

## III.

■ Sandoval argues that the petty theft for which he was convicted is an offense "similar to" the offenses listed in § 4A1.2(c)(2), and therefore should not have been counted toward his criminal history score.

This court has taken two different approaches to determining whether an offense is "similar to" those listed in § 4A1.2(c)(2). In *United States v. Martinez (Clyde)*, 905 F.2d 251, 253–54 (9th Cir.1990), we relied upon the following three-factor test in finding that public indecency is not "similar to" the listed offenses: (1) whether society has an interest in punishing the conduct involved and discouraging its repetition; (2) whether the conduct involved in the prior offense is uniformly criminalized, and if so, whether the penalty is light; and (3) whether the prior offense offers a basis for predicting future significant criminal history by the defendant. *See also United States v. Martinez (Victor)*, 956 F.2d 891, 893 (9th Cir.1992) (holding that being under the influence of a controlled substance is not similar to public intoxication).

In *United States v. Martinez (Carlos)*, 69 F.3d 999 (9th Cir.1995), *cert. denied*, 517 U.S. 1148, 116 S.Ct. 1446, 134 L.Ed.2d 566 (1996), we took a different approach. There, we held that "[t]he inquiry into whether vandalism is 'similar' to a section 4A1.2(c)(2) listed offense must focus on whether the activity underlying vandalism is similar to the activities underlying the listed offenses." *Id.* at 1000 (citing *Martinez (Clyde)*, 905 F.2d at 255–56 (Wallace, J., concurring)). Taking either of these approaches, we now hold that Sandoval's conviction for petty theft was not "similar to" the offenses listed in U.S.S.G. § 4A1.2(c)(2).

Looking first to the *Martinez (Clyde)* approach, we examine three factors. First, society certainly has an interest in punishing

petty theft and in discouraging its repetition, as evidenced by the fact that it is universally criminalized. Second, although Sandoval's theft was charged as an infraction, resulting in a relatively light penalty, the prosecutor could have charged it as a misdemeanor, punishable by a maximum of six months imprisonment. *See* Cal.Penal Code § 490. Finally, like public indecency (*Martinez (Clyde)*), vandalism (*Martinez (Carlos)*), and being under the influence of a controlled substance (*Martinez (Victor)*), petty theft offers a more substantial basis for predicting future criminal activity than do the minor offenses listed in § 4A1.2(c)(2).

Taking the *Martinez (Carlos)* approach, we examine the activity that underlies the offense. The conduct underlying a petty theft—taking another's property with the intent to deprive that person of the property—is in no way akin to the conduct underlying any of the listed excludable offenses. *See Martinez (Carlos)*, 69 F.3d at 1000–01 (distinguishing vandalism from each of the § 4A1.2(c)(2) listed offenses); *see also United States v. Ziglin*, 964 F.2d 756, 758 (8th Cir.1992) ("[P]etty theft [is] not on the exclusionary lists of subsections 4A1.2(c)(1) and (c)(2), nor [is it] similar to the listed offenses."). Unlike the offenses listed in U.S.S.G. § 4A1.2(c)(2), petty theft requires proof of criminal intent.[3] Moreover, none of the listed offenses involves stealing.

■ Neither are we persuaded by Sandoval's remaining arguments. He contends that his petty theft does not fall within the general definition of "petty offenses" counted toward criminal history under U.S.S.G. § 4A1.2(c) because he received a sentence of only thirty hours of community service. A defendant's prior sentence is unimportant under U.S.S.G. § 4A1.(c)(2), because the Commission chose to exclude "similar offenses," not offenses with "similar punish-

---

**3.** Under California law, theft is defined as follows:

> (a) Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money,

labor, or real or personal property, or who causes or procures others to report falsely of his wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft.

Cal.Penal Code § 484(a).

ments." With respect to this issue, we agree with the Fourth Circuit in *United States v. Harris*, 128 F.3d 850 (4th Cir.1997):

> Section 4A1.2(c)(1) creates a threshold requirement that a prior misdemeanor sentence may be excluded only if the term of the punishment was less than thirty days imprisonment or one year probation. Thus, the Commission was well aware of the importance of the punishment and easily could have defined excludable prior sentences solely by reference to it. It declined to do so and instead defined excludable prior sentences by reference to the type of offense. To define "similar" as "similar punishments" would rewrite the Guidelines and bypass the framework created by the Commission.

*Harris*, 128 F.3d at 855.

Finally, we reject Sandoval's claim that his sentence defeats the Sentencing Commission's goals of achieving a more honest, equitable, proportional, and objective sentencing system.

### IV.

We conclude that the district court did not err when it included Sandoval's prior conviction for petty theft in its computation of his criminal history score under the Sentencing Guidelines.

AFFIRMED.