UNITED STATES of America,
Plaintiff—Appellee,

v.

Richard FUJITA, Defendant—
Appellant.

No. 02–10135.

D.C. No. CR–01–00263–SOM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Decided Jan. 16, 2003.

Before COWEN,* HAWKINS and W.
FLETCHER, Circuit Judges.

MEMORANDUM **

Richard Fujita ("Fujita") challenges the calculation of his criminal history score, done in connection with his plea of guilty to aiding and abetting the possession with intent to distribute methamphetamine. Specifically, Fujita argues his prior Hawaii conviction for criminal tampering should have been excluded because of its similarity to the listed offenses excluded from

---

* Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

consideration under Sentencing Guideline § 4A1.2(c)(1).

■ Because Fujita failed to object, either to the presentence report or at the sentencing hearing, we review the district court's decision for plain error. *United States v. Saya*, 247 F.3d 929, 942 (9th Cir.2001). The cases cited by Fujita do not support his claim that *de novo* review is appropriate here because those cases contain no mention of a failure to object. *See United States v. Martinez (Carlos)*, 69 F.3d 999, 1000 (9th Cir.1995); *United States v. Hardeman*, 933 F.2d 278, 279–80 (5th Cir.1991).

Under plain error review, we may reverse only where (1) there was error, (2) the error was "plain," (3) the error affects the defendant's substantial rights, and (4) the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732–34, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). While the district court's decision may have been erroneous, such error was not plain or obvious. The Ninth Circuit has developed two related but distinct tests for assessing whether a prior conviction is "similar to" the offenses listed in Guideline 4A1.2(c)(1). *United States v. Martinez (Clyde)*, 905 F.2d 251, 253 (9th Cir.1990), requires a court to look to the underlying seriousness of the offense in assessing similarity, while *United States v. Martinez (Carlos)*, 69 F.3d 999, 1001 (9th Cir.1995), advocates examining only whether the conduct at issue is akin to the underlying conduct of any of the listed offenses.

■ In this case, it is arguable that criminal tampering (essentially, theft of a phone call) is of equal or lesser seriousness than some of the listed offenses, such as passing a bad check, leaving the scene of an accident, or resisting arrest. However, it is less likely that the conduct underlying criminal tampering is similar to the conduct underlying the listed offenses. The listed acts akin to theft, such as passing a bad check and non-support, do not necessarily require intent, as does Hawaii's criminal tampering statute. *See* Haw.Rev. Stat. § 708–827. On the other hand, offenses which involve planning, such as gambling and prostitution, are victimless crimes, and are not larcenous.

■ In short, the calculation of Fujita's criminal history was not plainly erroneous. Further, even if the error were plain, it did not affect the public reputation of the proceedings. Had Fujita's criminal tampering conviction been excluded, he would have been subject to a Guideline range of 135 to 168 months, as compared with the sentence of 151 months that he received. While a potential difference of sixteen months is certainly substantial to a defendant, the magnitude of that difference is not such that the integrity of the proceeding would be brought into question, or that the proceeding would be rendered fundamentally unfair. The district court was well aware of the nature and extent of Fujita's criminal activity, and found the sentence to be within the heartland of the Guidelines.

AFFIRMED.