**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT EUGENE COLEMAN,

Defendant - Appellant.

No. 09-50045

D.C. No. 2:08-cr-00625-GAF-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted February 14, 2011
Pasadena, California

Before: ALARCÓN, RYMER, and BYBEE, Circuit Judges.

Robert Eugene Coleman appeals his sentence pursuant to a conviction of

possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a),

(b)(1)(B)(iii).  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court did not plainly err in basing Coleman's Guidelines Range in part on a prior conviction for vandalism.[1]  As we held in *United States v. Grob*, 625 F.3d 1209, 1213 (9th Cir. 2010), Application Note 12 to § 4A1.2 of the Sentencing Guidelines is the applicable test and it requires courts to apply a "common sense" approach in determining "similarity" as used in § 4A1.2(c). Applying the common sense approach to Coleman's case, vandalism is not similar to loitering.

In California, loitering is a type of disorderly conduct offense that is always a misdemeanor whereas vandalism is a waffler.  *See* Cal. Penal Code §§ 594(b), 647(h).  This said, Coleman received a probationary sentence, which makes it a misdemeanor.  *See* Cal. Penal Code § 17(a).  Whether considering California law or the Model Penal Code, the elements are quite different in that loitering involves lingering, while vandalism involves destruction of property.  That both may involve rights of others, or intentional acts, is immaterial given these substantive differences.  Culpability is different, too, as vandalism entails planning and damage whereas one can loiter without destructive consequence.  Recurrence doesn't cut either way because we know too little about the vandalism incident.

---

[1]  We review for plain error because Coleman did not object at the time of sentencing.  *See United States v. Maciel-Vasquez*, 458 F.3d 994, 996 n.3 (9th Cir. 2006).

On balance, the crimes are dissimilar such that it was not plainly erroneous for the district court to include Coleman's prior conviction in the criminal history calculation.[2]

AFFIRMED.

---

[2] This is consistent with what we held in *United States v. Martinez (Carlos)*, 69 F.3d 999 (9th Cir. 1995), which we decided using a different approach before Amendment 709 was adopted.