UNITED STATES of America,
Plaintiff–Appellee,

v.

Anthony D. WARD, Defendant–Appellant.

No. 94–3235.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 18, 1995.

Decided Dec. 11, 1995.

Lisa T. Warwick (submitted), Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Thomas L. Shriner, Jr., Brett H. Ludwig, Foley & Lardner, Milwaukee, WI, for Defendant–Appellant.

Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.

POSNER, Chief Judge.

The defendant challenges his 58–month sentence for armed bank robbery. 18 U.S.C. §§ 2113(a), (d). The only argument that merits discussion in a published opinion (the other issues presented by the appeal are decided in an unpublished order issued today) is whether the district court erred in including in the defendant's criminal history his conviction at age 16 of "possession of a dangerous weapon by a child." Wis.Stat. § 948.60. The federal sentencing guidelines list among offenses the sentences for which "are never counted" in a defendant's criminal history "juvenile status offenses and truancy." U.S.S.G. § 4A1.2(c)(2). The term "juvenile status offenses" is not defined, and another provision of the guidelines counts in criminal history crimes committed by the defendant before he reached the age of 18, provided that the crimes were committed within five years before the offense of conviction. § 4A1.2(d)(2). Our court has not had occasion to decide the meaning of "juvenile status offenses."

The obvious meaning is conduct that would be lawful for an adult and is unlawful solely by virtue of the defendant's juvenile status, *United States v. Miller,* 987 F.2d 1462, 1465–66 (10th Cir.1993), such as the purchase of liquor or cigarettes—or, it might appear, the possession of a gun. Conduct, such as murder, that is illegal for adults as well as for children is not a juvenile status offense even if it is criminalized in the part of the state's criminal code that deals with the conduct of minors. *United States v. Unger,* 915 F.2d 759, 762–63 (1st Cir.1990).

The difficult question is whether the sentencing court can look behind the title of the offense to its substance. The presentence investigation report in the present case reveals the following facts, drawn from a police report and, apparently, from court records, and not contested: In response to a report of a burglary in progress, police caught eight juveniles fleeing down an alley. One of them was the defendant, Ward. Another member of the group was seen to have dropped a 12–gauge shotgun and he told the police that Ward had given it to him. This incident was the basis for Ward's conviction of possession of a dangerous weapon by a child. Obviously, handing a person a lethal weapon as part of a burglary attempt is conduct punishable when engaged in by adults as well as when engaged in by children. So Ward was guilty of a juvenile status offense within the meaning of the guidelines only if the crime of possession of a

dangerous weapon by a child is a juvenile status offense per se.

■ While it is undesirable to make the determination of a defendant's criminal history a retrial of his prior crimes, it is not always avoidable. The criminal-history guideline allows the sentencing judge to consider crimes committed by the defendant that did not result in conviction, U.S.S.G. § 4A1.3, and when that provision is invoked the judge must, obviously, inquire into the circumstances of the crime. It is likewise proper, when the name of the prior crime is wholly uninformative concerning the actual gravity of the criminal conduct, for the judge to inquire into what that conduct was, at least if that can be done without retrying the earlier offense. *United States v. Kemp,* 938 F.2d 1020, 1023 (9th Cir.1991). Possession of a dangerous weapon by a child covers a multitude of sins differing radically in their gravity. The child might simply have been a day below the age at which he was permitted to possess a gun. Or as here he might have used it in connection with the commission of an adult felony. In the former case the offense would be a juvenile status offense in the sense defined earlier, and in the latter case it would not be.

As this discussion shows, one cannot always tell whether an offense is a juvenile status offense from the name of the offense. If the offense is purchasing cigarettes under age, the probability is very great that it is a juvenile status offense and no further inquiry will ordinarily be required (unless perhaps the government wished to show that the offense had involved participation in a ring of smugglers). But if the offense is the possession of a dangerous weapon, the probability that it is really just a juvenile status offense is less and a further inquiry is necessary. Cf. *United States v. Jones,* 932 F.2d 624, 625 (7th Cir.1991). We are mindful that in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court held that in deciding whether for purposes of enhancing a career offender's sentence the defendant had committed a "generic burglary," a court should consider only whether the defendant had been convicted of a crime the statutory elements of which comported with the Court's definition of such a burglary. See also *United States v. Arnold,* 58 F.3d 1117 (6th Cir.1995). That approach is not feasible here. Though definitions of burglary vary from state to state, the core of the offense is reasonably stable; otherwise it would not be possible to speak of a "generic" burglary. The offense of unlawful possession of a dangerous weapon has no stable core; the offense can be committed by conduct that varies from the trivial to the grave, or in an older terminology from *malum prohibitum* to *malum in se.* Unless the sentencing court is permitted to peek underneath the uninformative label, the significance of the prior conviction as a predictor of recidivist potential—the primary reason for using criminal history to increase a defendant's sentence, see, e.g., Introductory Commentary to U.S. Sentencing Guidelines, ch. 4, pt. A; *United States v. Davis,* 48 F.3d 277, 280 (7th Cir.1995)—cannot be determined. Cf. *United States v. Coleman,* 38 F.3d 856, 858 (7th Cir.1994); *United States v. Alvarez,* 914 F.2d 915, 917–18 (7th Cir.1990). All that the judge had to do here and did do here was to look at the police report and the record of conviction. They revealed the link between the possession of the weapon and the commission of an adult felony. There was no occasion to inquire into subtle issues of knowledge or intent.

The district court did not err in identifying the actual conduct covered by the uninformative label of possession of a dangerous weapon by a child, and the judgment must therefore be

AFFIRMED.