**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Argued May 30, 2007
Decided June 15, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** KENNETH F. RIPPLE, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

No. 06-3443

UNITED STATES OF AMERICA,
 *Plaintiff-Appellee,*

   *v.*

JAMES EARL GOODE,
 *Defendant-Appellant.*

Appeal from the United States District Court for the Central District of Illinois.

No. 05-40113-002
Joe Billy McDade, *Judge.*

**Order**

James Earl Goode was sentenced to 84 months' imprisonment after he pleaded guilty to distributing a quantity of MDMA ("ecstasy") that equated to about 200 kilograms of marijuana under the Sentencing Guidelines. The 84-month term is the bottom of a Guideline range that Goode conceded in the district court had been properly computed. Nonetheless he contends on appeal that the sentence is unreasonably high.

It does not matter whether there is a presumption on appeal that a sentence within the Guideline range is reasonable, a question before the Supreme Court in *Rita v. United States*, No. 06-5754 (argued Feb. 20, 2007). It is enough to say, as we remarked in *United States v. Gama-Gonzalez*, 469 F.3d 1109 (7th Cir. 2006), that it will be the rare situation indeed when a sentence *required* by the Guidelines before *United States v. Booker*, 543 U.S. 220 (2005), is *forbidden* afterward. After all, *Booker* increased the discretion that district judges possess in sentencing. One legitimate use of discretion is to follow the Guidelines, which are designed to reduce

disparities in the treatment of similar offenders. See 18 U.S.C. §3553(a)(6); *United States v. Boscarino*, 437 F.3d 634, 637–38 (7th Cir. 2006) (observing that unjustified disparity is minimized by following the Guidelines).

Goode asked the district court to give a lower sentence on the ground that the criminal-history calculation overstated the seriousness of his record. A better argument would have been that the criminal history in the presentence report was one level too high, for the reason given in *United States v. Ward*, 71 F.3d 262 (7th Cir. 1995) (juvenile offenses should not be counted once the accused becomes an adult if the only reason why the acts were criminal was the offender's age), but Goode waived any such contention by representing to the district judge that the report had ascertained his Guideline range properly.

As an argument that a properly ascertained criminal history should be discounted, this contention was addressed to the district judge's discretion. The judge considered and rejected it, thinking that the lengthy criminal history reveals Goode to be incorrigible. The judge stated that Goode's criminal record "shows obviously a disrespect for the law and a predisposition not to comply with the law." Goode should count himself fortunate that the judge chose the bottom of the range rather than some higher sentence. The judge exercised the discretion that *Booker* reposes in sentencing courts.

Goode's other arguments do not require separate discussion.

AFFIRMED