**UNITED STATES of America,**
**Appellee,**

v.

**Charles BUCKNER, Defendant–**
**Appellant.**

**No. 06–2272–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 29, 2008.

Jeremiah Donovan, Old Saybrook, CT, for Appellant.

Michael J. Garcia, United States Attorney for the Southern District of New York, Nicholas S. Goldin, Celeste L. Koeleveld, Assistant United States Attorneys, Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Charles Buckner pleaded guilty in the United States District Court for the Southern District of New York to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He appeals from his sentence of fifty-one months' imprisonment, three years of supervised release, a $1000 fine and a $100 mandatory assessment. We assume the parties' and counsel's familiarity with the facts and procedural history of the case.

Buckner challenges the district court's factual finding, based on the presentence report, that his 1999 juvenile convictions, for criminal sale of a controlled substance, were "unrelated." The facts and conclusions contained in that report were not challenged by the defendant and were adopted by the district court.

"If a defendant fails to challenge factual matters contained in the presentence report at the time of sentencing, the defendant waives the right to contest them on appeal." *United States v. Rizzo,* 349 F.3d 94, 99 (2d Cir.2003); *see also United States v. Feigenbaum,* 962 F.2d 230, 233 (2d Cir.1992). Because appellant failed to raise the factual issue of "relatedness" before the district court, we deem it waived and decline to consider it here.

Buckner also argues that his 1999 convictions should have been classified as "ju-

venile status offenses," and therefore not considered in applying the Guidelines, and that the district court erred in relying on facts contained in the presentence report and arrest reports. *See Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). These arguments also were not raised before the district court. We review issues not raised in the district court "only upon a showing that the court committed plain error." *United States v. Miller,* 263 F.3d 1, 4 (2d Cir.2001).

We conclude that the district court did not commit plain error in this regard. Even if it was error, which we doubt, it was not "plainly" so. *See United States v. Ward,* 71 F.3d 262, 263 (7th Cir.1995) ("The obvious meaning [of juvenile status offenses] is conduct that would be lawful for an adult and is unlawful solely by virtue of the defendant's juvenile status, such as the purchase of liquor or cigarettes . . . .") (citation omitted).

We have considered Buckner's other assertions of error and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**