# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2017

Lyle W. Cayce
Clerk

No. 16-41274
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GERMAN HERNANDEZ-LOPEZ, also known as Luis Carrasco,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-855-1

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

German Hernandez-Lopez pleaded guilty to being present illegally in the United States after removal, in violation of 8 U.S.C. § 1326(a), (b). He was sentenced, pursuant to a downward departure, to, *inter alia*, 37 months' imprisonment, in part due to the district court's assessing criminal-history points for Hernandez' 2007 Indiana conviction and sentence for illegal consumption of alcohol by a minor, a Class C misdemeanor offense he

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

committed at age 18. *See* Ind. Code § 7.1-5-7-7(a)(2); Ind. Code § 7.1-1-3-25 (2006) (defining "minor"). Hernandez maintains this conviction and sentence should not have been considered in calculating his advisory Sentencing Guidelines range because it was a "[j]uvenile status offense[]", not to be included pursuant to Guideline § 4A1.2(c)(2).

As Hernandez concedes, he did not raise this issue in district court; therefore, as he also concedes, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Hernandez must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Guideline § 4A1.2(c)(2) lists "[j]uvenile status offenses and truancy" among offenses that are "never counted" in calculating the advisory Guidelines sentencing range. In determining whether an unlisted offense is similar to an offense listed in § 4A1.2(c)(2), courts are to use "a common sense approach that includes consideration of relevant factors". U.S.S.G. § 4A1.2, cmt. n.12(A). Factors to consider include:

> (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

*Id.*; *see United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 1991).

Hernandez attempts to compare the punishments available for his prior Indiana offense to the punishment available under Indiana law for other Class C violations that theoretically could be characterized as juvenile-status

No. 16-41274

offenses.    Undercutting his attempted comparison, however, is Indiana's distinguishing between Class C *infractions* and Class C *misdemeanors*. *Compare, e.g.*, Ind. Code § 35-46-1-10.5(a) (possession of tobacco by a person under 18, a "Class C infraction"), *with* Ind. Code § 7.1-5-7-7(a) (possession or consumption of alcohol by a minor, a "Class C misdemeanor").    Class C misdemeanors—of which Hernandez was convicted—are punishable by both a fine and up to 60 days' imprisonment, while Class C infractions are only punishable by a fine.    *See* Ind. Code § 35-50-3-4 (Class C misdemeanors); Ind. Code § 34-28-5-4(c) (infractions).    This distinction suggests Hernandez' conviction was more serious than the other juvenile offenses he cites.

Moreover, the misdemeanor punishment given Hernandez, 60 days' imprisonment, obviously denotes a higher level of severity than a monetary fine and "serves as a reasonable proxy for the perceived severity of the crime". *United States v. Reyes-Maya*, 305 F.3d 362, 367 (5th Cir. 2002) (citation omitted).  Given the above, at least two factors of the above-listed five relevant factors weigh against Hernandez.  Even assuming, *arguendo*, the remaining three factors weigh in his favor, the outcome is not clear, as no single factor is dispositive.  *United States v. Lamm*, 392 F.3d 130, 132 (5th Cir. 2004).

Our court has not previously addressed whether the Indiana statute at issue qualifies as a juvenile-status offense, and we ordinarily do not find plain error in the absence of controlling precedent.  *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).  Further, an error is not plain where the defendant's theory requires the extension of precedent.  *United States v. Narez-Garcia*, 819 F.3d 146, 152 (5th Cir.), *cert. denied*, 137 S. Ct. 175 (2016).  In short, Hernandez has not established the requisite clear or obvious error.

AFFIRMED.

3