FILED
United States Court of Appeals
Tenth Circuit

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 25, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

COTI D'SHAYNE DAVIS,

    Defendant - Appellant.

No. 24-5018

_____

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 4:22-CR-00004-JFH-1)**
_____

Amy W. Senia, Assistant Federal Public Defender, (and Virginia L. Grady, Federal Public Defender, with her on the briefs), Denver, Colorado, for Defendant-Appellant.

Valeria Gabrielle Luster, Assistant United States Attorney, (and Clinton J. Johnson, United States Attorney, Northern District of Oklahoma, with her on the brief), Tulsa, Oklahoma, for Plaintiff-Appellee.
_____

Before **MATHESON**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

**KELLY**, Circuit Judge.
_____

Defendant-Appellant, Coti D'Shayne Davis, pled guilty to failing to register as a sex offender, 18 U.S.C. § 2250(a), and was sentenced to an above-guidelines sentence of 87 months' imprisonment followed by 10 years' supervised release.  I R. 23–25.  In a

prior appeal, this court granted a joint motion to remand to the district court for resentencing to (1) allow Mr. Davis to allocute prior to imposing an upward variance and (2) to make specific findings concerning a special condition of supervised release involving possessing or viewing certain sexually explicit materials. Id. at 112–13; United States v. Davis, No. 23-5012, ECF No. 45.

On remand, the district court allowed Mr. Davis to allocute and struck the special condition. III R. 14, 28. The court again varied upward and imposed a sentence of 87 months' imprisonment and 10 years' supervised release. I R. 146–47. Mr. Davis now appeals, challenging a two-point addition to his criminal history score pursuant to U.S.S.G. § 4A1.1(b) based on a misdemeanor conviction for consumption of liquor by a minor. Aplt. Br. at 4. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we remand for the district court to vacate Mr. Davis's sentence and resentence him without the two-point addition.

## Background

In 2011, Mr. Davis was convicted of aggravated sexual abuse in Illinois and was required to register as a sex offender. II R. 86. In 2012, when Mr. Davis was 20 years old, he was convicted in Illinois of illegal consumption of liquor by a person under 21 after police arrested him at an underage drinking party at a private residence. Id. at 76–82. As a result of the underage drinking conviction, Mr. Davis was sentenced to 60 days in county jail, 2 years' conditional discharge, and a $100 fine. Id. at 82.

In 2013, Mr. Davis moved to Oklahoma and the United States Marshals could not verify that he complied with the sex offender registration requirements. Id. at 4. In 2021,

2

the Oklahoma Department of Human Services began investigating allegations that Mr. Davis was sexually abusing his wife's eleven-year-old sister while in failure-to-register status. Id. at 86–87.

The Presentence Investigation Report (PSR) assigned Mr. Davis a criminal history score of 13, which included two points for his 2012 Illinois underage drinking conviction. Id. at 89–90. With a criminal history category of VI, the advisory guidelines range was 51 to 63 months' imprisonment. Id. at 93. Mr. Davis objected to the addition of two points for his underage drinking conviction but did not state a basis for the objection. Id. at 101. Had the district court omitted the two-point addition, Mr. Davis states that he would have been in criminal history V, with a guidelines range of 46 to 57 months. Aplt. Br. at 12.

At sentencing, the district court construed Mr. Davis's objection "as defendant arguing that this prior conviction should be construed as a juvenile status offense and therefore not given criminal history points pursuant to U.S. Sentencing Guideline Section 4A1.2(c)(2)." III R. 6. Defense counsel countered that Mr. Davis's conviction was "similar to" a juvenile status offense, and should thus be excluded from his criminal history score under a "common sense approach[.]" Id. The district court overruled Mr. Davis's objection. Id. at 10. The court analyzed whether Mr. Davis's underage drinking conviction fit this court's definition of a juvenile status offense in United States v. Archuleta, 865 F.3d 1280 (10th Cir 2017), and concluded that it did not because Mr. Davis was over the age of 18 when it occurred. Id. 8–10.

Mr. Davis moved for a downward variance. II R. 99. The court declined to

3

vary downward, adopted the PSR's factual findings, varied upward, and again sentenced Mr. Davis to 87 months' imprisonment followed by 10 years' supervised release.  I R. 146–47.

**Discussion**

On appeal, Mr. Davis argues that the district court erred in adding two criminal history points for his underage drinking conviction because that conviction is "similar to" a juvenile status offense.  Aplt. Br. at 3–4.  Mr. Davis concedes that his conviction is not itself a juvenile status offense because he was 20 years old when it occurred.  Id.  Rather, he argues that the conviction is "similar to" a juvenile status offense under U.S.S.G. § 4A1.2(c)(2).  Id.  He asserts that the alleged error raised his criminal history category from category V to category VI, thereby increasing the applicable guidelines range.  Id. We agree with Mr. Davis that the district court erred in including his underage drinking conviction in his criminal history score because that conviction is "similar to" a juvenile status offense under the guidelines.

I.     **Mr. Davis's Underage Drinking Conviction is Similar to a Juvenile Status Offense Under a Common Sense Approach.**

"We review the district court's interpretation and application of the Sentencing Guidelines de novo."  United States v. Abeyta, 877 F.3d 935, 939 (10th Cir. 2017) (quotations omitted).  The only question before us is whether Mr. Davis's conviction for underage drinking, which he received when he was 20 years old, is "similar to" a juvenile status offense under the guidelines.  Aplt. Br. at 1; Aplee. Br. at 1–2.

4

When calculating a defendant's criminal history score, sentences for certain prior offenses "and offenses <u>similar to them</u>, by whatever name they are known, are never counted." U.S.S.G. § 4A1.2(c)(2) (emphasis added). The purpose of this provision is to screen out prior offenses with "such minor significance relative to the goals of sentencing[.]" <u>United States v. Perez de Dios</u>, 237 F.3d 1192, 1197 (10th Cir. 2001). Among the enumerated excluded offenses are juvenile status offenses. U.S.S.G. § 4A1.2(c)(2). The guidelines do not define juvenile status offenses, but we have defined them as offenses which "(1) [are] committed by a person younger than eighteen years of age, (2) involve conduct that would be lawful if engaged in by an adult, and (3) [are] non-serious in nature." <u>Archuleta</u>, 865 F.3d at 1290 (quotations omitted). The district court properly concluded that Mr. Davis's conviction is not a juvenile status offense because he was over the age of 18 when he was convicted. <u>See id.</u>; III R. 8–10.

The guidelines, however, also do not define what it means for an offense to be "similar to" a juvenile status offense. Rather, Comment 12(A) to § 4A1.2, added in 2007, directs courts to adopt a "common sense approach" to the similarity analysis. U.S.S.G. § 4A1.2 cmt. 12(A). The comment references a number of potentially relevant factors that may help guide the common sense approach such as:

> (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

<u>Id.</u>

We have not yet considered whether an underage drinking conviction received when a defendant was over the age of 18 but under the age of 21 is "similar to" a juvenile status offense. Our decision in United States v. Griffin, however, is instructive of our application of the common sense approach. See 763 F. App'x 782, 785–87 (10th Cir. 2019). There, we considered whether a prior conviction for public urination is "similar to" the excluded offense of disorderly conduct or disturbing the peace under U.S.S.G. § 4A1.2(c)(1). Id. at 784. Noting the "common sense approach" and the Comment 12(A) factors, we stated that two factors stood out (comparison of punishments imposed and elements of the offense), and held that a "[c]onsideration of these two factors under the common sense approach shows that Griffin's unlisted offense . . . is not obviously similar to an offense listed in subsection (c)(1)." Id. at 785–87 (quotations omitted). Griffin demonstrates that the Comment 12(A) factors are a roadmap, not a checklist — we did not consider the remaining factors after determining that two specific factors were dispositive. See id. Indeed, we noted that our precedent counsels "against 'a formulaic approach'" to the similarity question. Id. at 785–86 (quoting Perez de Dios, 237 F.3d at 1198 & n.7). Instead, Griffin confirms that the linchpin of the similarity analysis is common sense. See id. at 785–87. And depending on the offenses at issue, specific factors may or may not be relevant to determining the comparative severity of the enumerated excluded offense and the unlisted offense. See id.

Here, a common sense approach readily leads to the conclusion that Mr. Davis's underage drinking conviction, which he received when he was 20 years old, is "similar to" a juvenile status offense. First, the elements of Mr. Davis's underage drinking

conviction and the conduct underlying that conviction renders it similar to a juvenile status offense.  Indeed, if Mr. Davis engaged in the exact same conduct — underage drinking in a private residence — when he was just a few years younger, the offense "would not simply be similar to a juvenile status offense, it would constitute a juvenile status offense."  United States v. Cole, 418 F.3d 592, 600 (6th Cir. 2005), superseded by regulation as stated in United States v. Kitchen, 428 F. App'x 593 (6th Cir. 2011)[1]; see also Archuleta, 865 F.3d at 1290 (listing elements of a juvenile status offense).  Indeed, central to both juvenile status offenses and Mr. Davis's underage drinking offense is the fact that they "criminalize behavior for people of a certain age that is legal for people of a certain (greater) age."  Cole, 418 F.3d at 600.  Under a common sense approach, Mr. Davis's conviction could not be more similar to a juvenile status offense.

Further, the enumerated offenses in § 4A1.2(c)(2) have been described as having a "bland quality" and thus do not "rise[] to the level of a substantial transgression."  United States v. Landa, 642 F.3d 833, 841 (9th Cir. 2011).  This description tracks our recognition that the purpose of § 4A1.2(c)(2) is to exclude offenses that are of "minor significance relative to the goals of sentencing[.]"  Perez de Dios, 237 F.3d at 1197.  Common sense, therefore, suggests that the bland qualities associated with juvenile status offenses do not transform identical conduct into a substantial transgression just because

---

[1] United States v. Cole was decided before the Comment 12(A) factors were adopted.  Cole is instructive insofar as it adopts the same definition of a juvenile status offense as Archuleta and compares the elements of a minor in possession of alcohol conviction with those of a juvenile status offense to determine similarity.  418 F.3d at 598–600.  Because Comment 12(A) encourages comparison of elements of the offenses, we find Cole persuasive on that point.

the defendant is of a greater age.  See Landa, 642 F.3d at 841.  Rather, we think that § 4A1.2(c)(2)'s "similar to" category is meant to include offenses like Mr. Davis's which would constitute a juvenile status offense but for the defendant's greater age.  See Archuleta, 865 F.3d at 1290.

Relatedly, we note that § 4A1.2(c)(2) excludes sentences for public intoxication.  U.S.S.G. § 4A1.2(c)(2).  It is difficult to reconcile how a common sense approach would create a scheme that excludes public intoxication sentences — no matter the severity of the defendant's underlying conduct — but includes an underage drinking conviction received when the defendant was 20 years old after being caught drinking at a private residence.  Such a result would undermine § 4A1.2(c)(2)'s aim to exclude offenses with "minor significance relative to the goals of sentencing" and would directly contradict common sense.  Perez de Dios, 237 F.3d at 1197; U.S.S.G. § 4A1.2 cmt. 12(A).

The government urges us to focus on the first two Comment 12(A) factors: comparison of punishments imposed and the degree to which the level of punishment indicates the seriousness of the offense.  U.S.S.G. § 4A1.2 cmt. 12(A); Aplee. Br. at 8.  True, in the context of comparing underage drinking convictions received by those between the ages of 18 and 21 with juvenile status offenses, at least one court has suggested that the punishment factors could tilt against similarity.  See United States v. Hernandez-Lopez, 704 F. App'x 367, 369 (5th Cir. 2017) (noting that a sentence similar to Mr. Davis's for underage drinking "denotes a higher level of severity than a monetary fine and serves as a reasonable proxy for the perceived severity of the crime" (quotations omitted)).  Indeed, because Mr. Davis was 20 years old when he was convicted of

8

underage drinking, the punishment available under Illinois law — and the sentence which Mr. Davis received — was greater than that which would be available for an individual under the age of 18 who engaged in the same conduct.  This is so because, although Class A misdemeanors are punishable by a term of imprisonment, conditional discharge, and a fine, the Illinois Juvenile Court Act of 1987 generally prohibits incarceration of minors for offenses that "would not be illegal if committed by an adult[.]"  730 Ill. Comp. Stat. §§ 5/5-4.5-55(a)-(e) & 405/1-4.1.  "Adult" is defined in that act as "a person 21 years of age or older."  Id. at § 405/1-3(2).  Thus, in Illinois, Mr. Davis could be imprisoned for underage drinking at 20 years old, while one under the age of 18 could not.

Contrary to the government's suggestion, this statutory scheme does not by itself suggest that the Illinois legislature specifically chose to punish underage drinking by those between the ages of 18 and 21 more severely because it is "at least somewhat serious in nature."  See Aplee. Br. at 15.  Rather, it represents a blanket determination that any Class A misdemeanor is generally eligible for a term of imprisonment, conditional discharge, and a fine.  730 Ill. Comp. Stat. §§ 5/5-4.5-55(a)-(e).  It does not appear to be a reasoned legislative determination that underage drinking by defendants between the ages of 18 and 21 is more serious than juvenile status offenses and thus warrants a more severe sentence including a term of imprisonment.  See id.; Aplee. Br. at 11–13.  And although underage drinking is certainly discouraged, the specific circumstances of Mr. Davis's offense do not support a conclusion that his conduct was

particularly severe in nature given that it occurred in a private residence, and there were no weapons or injuries involved. II R. 78–81.

Moreover, treating the punishment factors as dispositive would defy any common sense approach where, as here, the difference between Mr. Davis's conviction and a juvenile status offense conviction for the same conduct is a few years in age. See Archuleta, 865 F.3d at 1290 (noting that juvenile status offenses can only be committed by those under the age of 18). And, of course, if Mr. Davis engaged in the same conduct only a few months later, there would be no such conviction because he would be of legal drinking age. Thus, treating the punishment factors as outcome determinative in this case contradicts common sense by excluding underage drinking convictions from criminal history scores in all circumstances except where a defendant, like Mr. Davis, happened to receive that conviction between the ages of 18 and 21. See Landa, 645 F.3d at 846 (Fletcher, J., dissenting) ("Indeed, if offenses with an age cutoff of 21 rather than 18 are not similar to juvenile status offenses, the 'similar to' category for juvenile status offenses may turn out to be a null set.").

Finally, we acknowledge that Comment 12(A) lists other factors potentially relevant to the similarity analysis. U.S.S.G. § 4A1.2 cmt. 12(A). But we are not required to consider factors that are not relevant to comparing the seriousness of the offenses. See Griffin, 763 F. App'x at 787. We are not persuaded by the government's suggestion that any of the remaining factors are particularly relevant here, and those factors do not alter the result that the district court erred in including Mr. Davis's underage drinking conviction in the calculation of his criminal history score. See Aplee. Br. at 14–16.

Common sense is the crux of the similarity analysis.  See U.S.S.G. § 4A1.2 cmt. 12(A).  Here, common sense instructs that Mr. Davis's conviction for underage drinking is "similar to" a juvenile status offense such that it cannot be included in his criminal history score.  Id. at § 4A1.2(c)(2).  Indeed, it is difficult to imagine what a common sense approach would mean if it did not mean that, in this case, Mr. Davis's underage drinking conviction is "similar to" a juvenile status offense.

We REMAND to the district court with instructions to vacate Mr. Davis's sentence and resentence him consistent with this opinion.